IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAVEN SECURITIES, INC., HAWK PROPERTIES, INC., and FALCON LTD., on behalf of themselves and others similarly situated,** | No.  3:13-cv-639-DRH-PMF |
| Plaintiffs, | |
| vs. | |
| **THE CITY OF EAST ST. LOUIS, ILLINOIS, a municipal corporation, WASTE MANAGEMENT OF ILLINOIS,** | |
| Defendants. | |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on defendant the City of East St. Louis, Illinois' ("the City") and defendant Waste Management of Illinois, Inc.'s ("Waste Management") motions to dismiss (Docs. 26, 29). Plaintiffs oppose the motions (Docs. 28, 32). The City replied (Doc. 31).

As a preliminary matter, the City's reply is hereby **STRICKEN.** The City's reply is noting more than a disagreement with plaintiffs' argument. Therefore, it fails to meet Local Rule 7.1's requirement of "exceptional circumstances." For the following reasons, the motions to dismiss are **GRANTED.**

## I. Background

In their eighteen-count amended complaint, plaintiffs generally allege the following. The City used its Nuisance Ordinances[1] as to trash and garbage to target plaintiffs and others similarly situated because they did not have or did not pay for trash collection. Plaintiffs further allege a conspiracy between the City and Waste Management whereby Waste Management would provide the City with a list of delinquent customers and those customers would receive citations. Plaintiffs seek relief, on behalf of themselves and all others similarly situated, pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, the Fair Debt Collection Practices Act, the Sherman Antitrust Act, and various Illinois state statutes.

In its motion to dismiss, the City asserts that the amended complaint should be dismissed pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6). Shortly thereafter, Waste Management also filed a motion to dismiss the claims against it (Counts II and IV) pursuant to Federal Rule of Civil Procedure 12(b)(6). In its response to the City's motion to dismiss (Doc. 28), plaintiffs concede that Counts V, VIII, X, and XVII cannot be maintained and voluntarily dismiss them. Plaintiffs also concede to the City's request to strike all prayers for

---

[1] East St. Louis, Illinois Code of Ordinances, Chapter 50, Article III, Sections 71 & 72.

punitive damages against the City. The specific arguments relating the remaining claims will be addressed below.

## II. Analysis

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elc. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id.* In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

### A. Violation of the Fair Debt Collection Practices Act (Counts I & II)

Plaintiffs bring Fair Debt Collection Practices Act ("FDCPA") claims against both the City and Waste Management. Plaintiffs assert that the City violated the FDCPA by (1) falsely representing to consumers that they committed a crime, (2) communicating credit information which was known or should have been known to be false, (3) using false representations or deceptive means to collect or attempt to collect any debt, and (4) using unfair or unconscionable means to collect or attempt

to collect an amount that is not expressly permitted by law (Am. Compl. at 10-11) (Count I). Plaintiffs assert that Waste Management violated the FDCPA by publishing to the City a list of consumers who allegedly refuse to pay debts owed to Waste Management (Am. Compl. at 11) (Count II).

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. *See* 15 U.S.C. § 1692 *et seq*. Specifically, it prohibits debt collectors from engaging in harassing, oppressive, or abusive measures to collect a debt, § 1692d, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. §§ 1692e, 1692f.

The FDCPA does not apply unless two threshold requirements are satisfied. First, the defendant must qualify as a "debt collector," defined as,

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

§ 1692a(6). Second, the debt collector must have made the communication "in connection with the collection of any debt." §§ 1692c(a)-(b), 1692e, 1692g.

Defendants assert that they are not "debt collectors" under the statute. Specifically, the City argues that the complaint does not allege that the City used any "instrumentality of interstate commerce or the mails" and also fails to allege any facts that establish that the City is "the business of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (Doc. 27 at 6). Waste

Management asserts that it is not a debt collector but instead a creditor under the complaint's allegations, that the allegations establish that Waste Management is the person to "whom the debt is owed" (Doc. 30 at 2).

In their responses, plaintiffs assert that they have successfully pled claims against both the City and Waste Management under the FDCPA. Specifically, plaintiffs argue that the City falls under the second portion of the debt collector definition as it attempted to collect the debts owed to Waste Management indirectly by issuing citations to those who were delinquent on their Waste Management bill. Regarding Waste Management, plaintiffs assert that while creditors are generally excluded from the definition of debt collector, Waste Management would fall under the false name exception as outlined in *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996). Further, plaintiffs argue that the debts at issue are primarily for personal, family, or household purposes because the properties at issue are lease to own properties and citations are issued to the renters.

The Court concurs with defendants. Neither the City nor Waste Management is a debt collector as defined by the FDCPA. A reasonable inference in favor of plaintiffs is that the City receives a list of delinquent Waste Management account holders and the City uses this list to issues citations under its nuisance ordinance. However, these allegations, even if ultimately proven true, do not establish that the City collects debts on behalf of Waste Management. A fine is not a debt under the FDCPA and plaintiffs do not allege that the collected fines are given

to Waste Management. Even if the issuance of fines economically incentivizes plaintiffs to maintain trash collection service with Waste Management, this assertion does not establish that the City is a debt collector under FDCPA.

Plaintiffs have also failed to establish that Waste Management is a debt collector under the FDCPA. Under the FDCPA, a creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4). Plaintiffs clearly allege that Waste Management provides "to the City a list of consumers who allegedly refuse to pay *debts owed to* Waste Management" (Am. Compl. at 11) (emphasis added). Therefore Waste Management is a creditor not a debt collector and "[a]n entity that tries to collect money owed to itself is outside the FDCPA." *Carter v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011).

In their response, plaintiffs counter that the false name exception applies as outlined in *Avila*, 84 F.3d at 227-228. While the Seventh Circuit certainly recognizes an alias or false name exception to the creditor rule, Waste Management does not fall into this exception. *Nielsen v. Dickerson*, 307 F.3d 623, 631 (7th Cir. 2002) ("[A] creditor or an affiliate of a creditor who uses someone else's name so as to suggest to the debtor that a third party is involved in the debt collection process, when in fact that party is not involved, can be treated as a 'debt collector' under the FDCPA"). Plaintiffs' reliance on *Avila* is misplaced. Even assuming the allegations in the complaint are true, they fail to establish that the City is acting as a puppet for Waste Management as required under this exception. *See Avila*, 84

F.3d at 229.

Finally, plaintiffs do not fall into the class of individuals the FDCPA was intended to protect. Plaintiffs are not "consumers" under the FDCPA. 15 U.S.C. § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt"). Plaintiffs are clearly business organizations, not natural persons. Even if plaintiffs were natural persons, obligations owed by individuals who own their property for business purposes do not qualify as debts under the FDCPA because the services provided are not "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 874-75 (7th Cir. 2000). Therefore, Counts I and II are **DISMISSED with prejudice**.

**B.    Violation of 42 U.S.C. § 1983 (Count III)**

Plaintiffs next assert that the City violated Section 1983 by denying plaintiffs', and other class members, due process rights under the Fourteenth Amendment when it conducted hearings regarding the nuisance citations without taking the necessary steps to ensure fairness prior to a possible deprivation of property. Plaintiffs specifically list the following alleged violations: not having an impartial hearing officer, not having a qualified hearing officer, and failing to separate the duties of police officer and hearing officer.

In its motion to dismiss, the City asserts that plaintiffs lack standing to bring their Section 1983 claim because they fail to allege an injury in fact. The City also

argues that plaintiffs dot not allege causation because they fail to allege that they were subjected to a particular administrative determination where the hearing officer was also the person who issued the citation or who was not trained.

Plaintiffs respond indicating that their statements regarding their "information and belief" are nothing more than boilerplate language and that they include, as exhibits, citations[2] indicating that plaintiffs have suffered a direct injury. They also respond that they are not required to allege specific allegations regarding the hearing officers' lack of training.

As a preliminary matter, the Court will treat the citations as a part of plaintiffs' pleadings. Fed. R. Civ. P. 10(c); *see also Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The Court also notes that while the Court has the authority to dismiss this claim because plaintiffs fail to cite to any legal authority in support of their position as required by Local Rule 7.1(d), the Court will review it.

A plaintiff has standing if she suffered an "injury in fact," there is a causal connection between the injury and the conduct complained of, and it is "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). An injury in fact is defined as an invasion of a legally protected interest which was both concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id.* (internal citations and quotations

---

[2] One against Falcon dated 04/26/2014 (Doc. 16-1), two against Hawk dated 4/3/2013 and 4/24/2013 (Docs. 16-2, 16-3), two against Raven dated 2/15/2013 and 4/5/2013 (Docs. 16-4, 16-5), and one against Illinois Realty Group (Doc. 16-4).

omitted). "The party invoking federal jurisdiction bears the burden of establishing the elements of standing." *Perry v. Vill. Of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (citing *Lujan*, 504 U.S. at 561).

Plaintiffs' claim violations of their due process rights, specifically those issues indicated above. However, plaintiffs have not alleged facts sufficient to establish standing. Their allegations not only include the phrase "upon information and belief" but the factual paragraphs addressing the Section 1983 claim are extremely vague. Specifically plaintiffs fail to allege that they participated in any hearing with a defect or received a result from such a hearing. Statements that the hearing officer is "often" the same person who issued the citation or that "the same person usually plays the role of policeman, judge, jury, and executioner" are not sufficient to establish that these alleged violations of their due process rights caused the citations to be issued (Am. Compl. ¶¶ 27, 28). Furthermore, they note a "possible deprivation of property." These allegations are insufficient to establish that the plaintiffs have standing to assert this claim. While plaintiffs direct the Court to the citations appended to their complaint, the citations themselves are insufficient to establish standing as they do not indicate any of the alleged constitutional violations asserted.

Therefore, Count III is **DISMISSED without prejudice**.

**E.** **State Law Claims (Counts IV, V, VI, VII, IX, X, XI, XII, XIII, XV, XVI, XVII, and XVIII)**

Plaintiffs allege several state law claims against the City: Conspiracy (Count IV); Violation of the Illinois Municipal Code (Count V); Abuse of Process (Count VI), Malicious Prosecution (Count VII); violation of the Illinois Collection Agency Act (Count VIII); violation of the Illinois Uniform Deceptive Trade Practices Act (Count IX); violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count X); Fraud (Count XI); Fraudulent Concealment (Count XII); Intentional Misrepresentation (Count XIII); Negligent Misrepresentation (Count XIV); Slander per se (Count XV); Slander per quod (Count XVI); Intentional Infliction of Emotional Distress (Count XVII); Interference with a Prospective Business Advantage (Count XVIII).

In its motion to dismiss, the City argues that Counts VI, VII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII are barred under issue preclusion, that the City's nuisance ordinances do not support the plaintiffs' theories in Counts IV, VI, VII, IX, X, XII, XII, XIII, XIV, XV, XVI, XVII, and XVIII; that Count VIII should be dismissed as the ICAA is not applicable to the City; plaintiffs' fraud based claims, Counts X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII, do not comply with Rule 9(b); that Count X should be dismissed because the ICFA does not apply to the City; Count XVII should be dismissed because plaintiffs, as non-natural persons, cannot bring a claim for emotional distress; and Count V should be dismissed because the City did not violate the Illinois Municipal Code. Again, the Court will not address any arguments as they relate to Counts V, VIII, X, and XVII because plaintiffs have

voluntarily dismissed these claims. The Court will therefore address the issues as they relate to remaining state law claims below.

### 1. Issue Preclusion

The collateral-estoppel, or issue-preclusion, doctrine "is central to the purposes for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Montana v. United States*, 440 U.S. 147, 153, (1979). Under the doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1983) (citing *Montana*); *see also Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). The doctrine thus "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

"Federal courts may not employ their own rules in determining the effect of state judgments, bust must accept the rules chosen by the State from which the judgment is taken. *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996). Therefore, here the Court must employ Illinois law. Under Illinois law, an issue litigated in a prior proceeding may not be relitigated if: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their

privies." *Dookeran v. County of Cook, Illinois,* 719 F.3d 570, 575 (7th Cir. 2013) (citing *Nowak v. St. Rita High Sch.,* 757 N.E.2s 471, 477 (Ill. 2001)). "Issue preclusion is an affirmative defense and the party asserting it has the burden of proof." *E.E.O.C. v. AutoZone, Inc.,* 707 F.3d 824, 831-32 (7th Cir. 2013).

Here, the City seeks to invoke issue preclusion based on the prior administrative adjudications of the nuisance violations. The City asserts that the adjudication of these citations are "the bedrock upon which Plaintiffs' claims against the City in Counts VI, VII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII rests" (Doc. 27 at 10). Plaintiffs respond that issue preclusion is inapplicable as the complaint does not indicate an actual adjudication or determination on the merits of these claims. Plaintiffs also state that many of these citations have not yet received a final determination as they are still in the process of trying to resolve this dispute with the City.

Applying the test set forth by the Illinois courts, the Court finds issue preclusion inapplicable in this instance. Counts VI ("abuse of process") and VII ("malicious prosecution") do not require a final determination and would not be barred pursuant to issue preclusion. The foundation of the remaining claims, Counts IX-XVIII, appears to the Court to be the issuance of the citations, not the final adjudication of them.

### 2. Nuisance Ordinances

The City next asserts that Counts IV, VI, VII, IX-XVIII rest "upon a theory that

the Nuisance Ordinances do not require trash collections services" and should be dismissed because the Defendant contends that it has sufficiently put the City on notice that "they are being accused of issuing citations for failure to have trash service under the guise of a nuisance ordinance" (Doc. 28 at 13). Plaintiffs respond, asserting that the City's nuisance Ordinances support their claims. Specifically, plaintiffs argue that they are not challenging the validity of the ordinances but "the City's conduct and motives in wielding their ordinance power" (Doc. 28 at 11). The Court again notes that plaintiffs fail to cite any legal authority. The Court will address Count IV, the Conspiracy claim, below.

The Court finds that the foundation of plaintiffs' claims is that the citations were issued by the City for "failure to have a trash service provider" or "trash service" (*See, e.g.,* Doc. 16 at 15, 16, 18, 19, 20, 21, 22, 23, 26). Plaintiffs indicate in their complaint that, "The City's false statements that a trash service provider was required . . ." (Doc. 16 at 22) and "No Illinois State statute requires a person to have a trash service provider" (Doc. 16 at 3). In fact, pursuant to East Saint Louis Code, trash service is a requirement. Specifically, "All owners of real estate . . ., in the absence of a citywide or neighborhood contract for curbside or alley refuse pickup, shall arrange for such pickup no less than weekly by a private hauler who has received a permit under this article." East Saint Louis, Ill., Code § 94-61 (2003); East Saint Louis, Ill., Ordinance 91-10050 (Nov. 6, 1991).

Plaintiffs may assert that the true issue is that the citations indicate a

violation of a nuisance ordinance not a violation of the trash service ordinance. As previously discussed, the plaintiffs then assert that these nuisance violations were used to compel them to enlist the trash service with Waste Management. However, upon review of the "East Saint Louis Sanitation Code," the Court finds that the City has the authority to either provide citywide or neighborhood contract or may choose to only license one provider. In this case, the only licensed trash collector pursuant to the City Code is Waste Management. Therefore, even if Waste Management was providing a list to the City of properties delinquent on their Waste Management bills there is nothing in plaintiffs' complaint that indicates 1) that this practice was unlawful or 2) that this was used as coercion for anything but already legally proscribed activity, namely providing the legally required trash service and maintaining clean streets in the City. Therefore, the Court **DISMISSES with prejudice** Counts VI, VII, IX, XI-XVI, and XVIII.

### 3. Fraud

The City next asserts that Counts X-XVIII, plaintiffs' fraud counts, should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b). Plaintiffs assert that they have satisfied the requirement. Specifically, the allegations adequately describe the time, place, and particular content of the false representations. While the Court has dismissed these counts with prejudice as without merit, the Court will address the heightened pleading standard of Rule 9(b).

Pursuant to Rule 9(b)'s heightened pleading standards, "In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "And that means describing the who, what, when, where, and how of the fraud." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (internal citations and quotations omitted).

Rule 9(b) therefore provides the Court with an alternative means to dismiss these Counts. Plaintiffs assert that the who, what, where, when and how is that "the City (who) has been fraudulently issuing citations to its citizens for failure to have a trash service provider under an ordinance that does not require having a trash service provider and issuing citations to those who have committed no ordinance violation at all in furtherance of Waste Management's bill collection (what, where, and how . . .) (Doc. 28 at 16). However, the Court fails to see any fraudulent activity in that statement. In the light most favorable to the plaintiffs, again, even if the City is relying on the list provided by Waste Management, it is not collecting funds on behalf of Waste Management but instead, issuing citations for the alleged buildup of refuse. The companies are then afforded a hearing on the issue and, if an outcome was indicated in the complaint, would have the ability to appeal said decision to the appropriate state court. Therefore, any publication of this information on public websites in accordance with the City's internal reporting procedures or to external collection agencies would also not amount to slander nor does it amount to a unjustifiable or wrongful interference with plaintiffs'

Page **15** of **17**

prospective business advantage. The Court therefore alternatively dismisses Counts XI-XVI and XVIII for failure to meet the heightened pleading requirements of Rule 9(b).

### 4. Conspiracy

In Count IV, plaintiffs allege that the defendants agreed and combined to wrongfully accomplish the collection of Waste Management debts. They assert that by wrongfully issuing citations for failure to have a trash service provider, the City committed an overt act in furtherance of the conspiracy. In its motion to dismiss, Waste Management argues that plaintiffs have failed to allege that Waste Management violated Illinois state law, thus plaintiffs' state law conspiracy must be dismissed against Waste Management. The Court need not go into much detail here. As the underlying tort claims have failed, so must the conspiracy claim. *Coghlan v. Beck*, 984 N.E.2d 132, 150 (Ill. App. 2013) ("[C]onspiracy is not an independent tort: the conspiracy claim fails if the independent cause of action underlying the conspiracy allegation fails.") Therefore, the Court **DISMISSES** Count IV **with prejudice.**

### III. Conclusion

For the reasons stated above, the Court **GRANTS** defendants' motions to dismiss (Docs. 26, 29). Counts I, II, IV-XVIII and plaintiffs' prayers for punitive damages are hereby **DISMISSED with prejudice.** Count III is **DISMISSED**

**without prejudice.** The Clerk of the Court is **DIRECTED** to enter judgment on all counts except Count III because the Court finds no just reason for delay.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2014.07.02 14:32:40 -05'00'

**Chief Judge
United States District Court**